IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL CALEF GANDY, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | Crim. No. 04-10-SLR |
| | ) | Civ. No. 07-130 -SLR |
| v. | ) | Crim. No. 05-4-SLR |
| | ) | Civ. No. 07-131 -SLR |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

---

Michael Calef Gandy. Pro se movant.

David L. Hall, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

---

March 5 , 2008
Wilmington, Delaware

ROBINSON, Judge

## I. INTRODUCTION

Michael Gandy ("movant") is a federal inmate currently incarcerated at FCI Schuylkill in Pennsylvania. Movant timely filed an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 116; D.I. 41) Respondent filed an answer in opposition, (D.I. 124; D.I. 48), to which movant has replied. (D.I. 126; D.I. 51) For the reasons discussed, the court will deny movant's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

On February 8, 2005, in Criminal Action 04-10-SLR, movant pled guilty to a second superseding indictment charging him with two counts of distribution of more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of possession with intent to distribute more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (D.I. 71) On that same day, in Criminal Action 05-04-SLR, movant pled guilty to an indictment charging him with one count of possession with intent to distribute more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Id. After consolidating the two criminal actions for sentencing purposes, the court sentenced movant on May 18, 2005 to a term of 135 months incarceration. (D.I. 83 in Crim. A. 04-10-SLR)

On May 16, 2006, respondent filed a Rule 35(b)(1) motion to reduce movant's sentence. (D.I. 89; D.I. 16) The court held a hearing, and granted respondent's motion

on November 1, 2006, reducing movant's sentence to 45 months. (D.I. 108 in Crim. A. 04-10-SLR)

On or about November 8, 2006, acting pro se, movant filed a motion for reconsideration of sentence seeking a further adjustment of his sentence, namely, to be transferred from Lewisburg to another federal prison. (D.I. 103; D.I. 29) In answering movant's motion for reconsideration of sentence, respondent stated, "[movant] does not identify the legal basis for the relief he seeks. It is probable that he intends his motion to be a motion to vacate, set aside, or correct his sentence, pursuant to Title 28, United States Code, Section 2255." (D.I. 115; D.I. 40) Respondent also included a proposed order for the court to construe movant's motion for reconsideration as a § 2255 motion, along with an AEDPA election form for movant to fill out. Id. On January 22, 2007, movant filed the AEDPA election form provided to him by respondent, indicating that he wished his motion to be construed as a § 2255 motion, and including an amended § 2255 motion asserting additional grounds for relief. (D.I. 116; D.I. 41) Given the clear intent indicated on movant's AEDPA election form and the nature of the additional grounds for relief asserted in movant's amended motion, the court entered an order construing the motion as a § 2255 motion, and ordered respondent to answer. Respondent filed an answer, to which movant responded.

Thereafter, in December 2007, acting pro se, movant filed two motions for a retroactive cocaine base reduction of sentence under 18 U.S.C. § 3582(c)(2). (D.I. 133; D.I. 135) In February 2008, now represented by a Federal Public Defender, movant filed a third motion for a retroactive cocaine base reduction of sentence under 18

U.S.C. § 3582(c)(2). (D.I. 136) The court granted the unopposed motions on February 21, 2008, and reduced movant's sentence to 36 months of imprisonment. (D.I. 137)

## III. DISCUSSION

Movant asserts three grounds for relief in his amended § 2255 motion: (1) the court erred by failing to apply the safety valve provisions of 18 U.S.C. § 3553(f) and United States Sentencing Guideline ("U.S.S.G") § 5C1.2 during his original May 18, 2005 sentencing; (2) the probation officer who prepared the presentence report (PSR) erred by not applying the safety valve provisions in his sentencing calculation; and (3) counsel provided ineffective assistance by not objecting to the failure to apply the safety valve in his case.[1] (D.I. 116; D.I. 41) Additionally, in his reply to respondent's answer, movant contends that the government assured him he would receive the benefit of the safety valve at sentencing. (D.I. 126; D.I. 51)

Pursuant to 18 U.S. C. § 3553(f) and U.S.S.G. § 5C1.2, a district court may sentence a defendant below the applicable mandatory minimum sentence upon finding the following five conditions:

> (1) defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

---

[1]Movant's original motion for reconsideration asserted only one reason for his request for a sentence adjustment, namely, because his "daughter's well being and care weigh[ed] heavily on [his] mind [and] the Federal Bureau of Prisons [did] not obey[] [the court's] order to redesignate him." (D.I. 103) Movant did not reassert this issue in his amended § 2255 motion. Therefore, the issue is waived and the court need not address movant's concern for his daughter in its review of his amended § 2255 motion. Nevertheless, this claim does not assert a basis for relief under 28 U.S.C. § 2255 because it challenges the execution of his sentence. See, e.g., United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004).

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines, and was not engaged in a continuing criminal enterprise, as defined in section 408 of the controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

However, the safety valve provisions only apply when the advisory guidelines range is less than the minimum mandatory statutory sentence. United States v. Batista, 483 F.3d 193, 199 n. 4 (3d Cir. 2007).

In this case, the court acknowledged the advisory nature of the guidelines, reviewed the sentencing factors set forth in 18 U.S.C. § 3553(a), and determined that the advisory guidelines provided for a term of incarceration ranging from 135 to 168 months, followed by a minimum term of five years of supervised release for each count. (D.I. 83, at pp. 4, 36) The safety valve was not an option because movant's guidelines range fell above the mandatory minimum term of 10 years. Accordingly, the court will deny claims one, two, and three as meritless because the court and the probation officer did not err by failing to apply an inapplicable safety valve provision, and counsel did not provide ineffective assistance by failing to raise a meritless argument during

sentencing. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999)(no ineffective assistance where counsel fails to raise a meritless argument).

In claim four, movant contends that respondent reneged on its promise to apply the safety valve by arguing against the application of the safety valve during the sentencing hearing. According to movant, respondent was retaliating against him because of his failure to enter a guilty plea on December 1, 2004. (D.I. 126)

While the court does not have any information regarding respondent's reaction to movant's failure to enter a plea on December 1, 2004, the sentencing transcript clearly demonstrates that respondent did not present an argument involving the application of the safety valve during movant's sentencing hearing. As just explained, the safety valve was not available in movant's case and, therefore, respondent had no need to raise the issue of movant's eligibility for the safety valve. Rather, defense counsel asked the court to depart downward from the guidelines range of 135 -168 months to the mandatory minimum 10 year (120 months) sentence on the basis of movant's future potential and the fact that he was a first-time offender. (D.I. 83, at pp. 24-29) In response, respondent argued that the court should not depart to the minimum mandatory 10 years, in large part because movant had not been truthful during the safety valve proffer on September 23, 2004 when he told Agent Hughes that he did not have any other stash and that there was no other ongoing drug activity. Id. at p. 33. Respondent also argued that movant was not a first-time offender because the stash found in the apartment ceiling on December 25, 2004 demonstrated movant's continuing and escalating criminal conduct. Id. at pp. 6-7.

In short, although respondent did raise the issue of the untruthful information provided by movant during his safety valve proffer, the purpose of respondent's argument was not to prevent the application of the safety valve to movant's sentence. Rather, the purpose of respondent's argument was to prevent the court from departing down from the advisory guidelines to the mandatory minimum 10 year sentence. Accordingly, the court will deny claim four as meritless.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his arguments are without merit. Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

## V. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. See 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the

denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. The court shall issue an appropriate order.